**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Susan Mary M., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 22-cv-50302 |
| v. ) | |
| ) | Magistrate Judge Margaret J. Schneider |
| Leland Dudek ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Susan Mary M., seeks review of the final decision of the Commissioner of the Social Security Administration denying her disability benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

**BACKGROUND**

**A. Procedural History**

On November 12, 2019, Susan Mary M. ("Plaintiff") filed a Title II application for a period of disability and disability insurance benefits, alleging a disability beginning on June 4, 2019. R. 30. The Social Security Administration denied her application initially on June 17, 2020, and upon reconsideration on December 28, 2020. *Id*. Plaintiff filed a written request for a hearing and on August 25, 2021, a telephonic hearing was held by Administrative Law Judge ("ALJ") Lana Johnson where Plaintiff appeared and testified. *Id*. Plaintiff was represented by counsel. *Id*. Susan Entenberg, an impartial vocational expert ("VE"), also appeared and testified. *Id*.

On October 28, 2021, the ALJ issued her written opinion denying Plaintiff's claims for disability and disability insurance benefits. R. 30-46. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1-6. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [7]. Now before the Court are Plaintiff's motion to reverse and remand the Commissioner's decision [21] and Defendant's motion for summary judgment [27].

---

[1] Leland Dudek has been substituted for Kilolo Kijakazi. Fed. R. Civ. P. 25(d).

1

### B. The ALJ's Decision

In her ruling, the ALJ applied the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of June 4, 2019. R. 33. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar, thoracic and cervical spine. *Id*. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 33-35.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) except occasionally climb ladders, ropes or scaffolds; and frequently stoop. R. 35-45. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. R. 45. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. R. 45-46. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from June 4, 2019, through September 30, 2020, the date last insured. R. 46.

### STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted). *See also Warnell*, 97 F.4th at 1054.

The Court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted). The Court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the evidence, or deciding questions of credibility. . . . [The Court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

**DISCUSSION**

Plaintiff argues that the ALJ did not support the residual functional capacity ("RFC") determination with substantial evidence. The Court finds that the ALJ adequately supported the RFC determination and affirms the ALJ's decision.

When determining a claimant's RFC, an ALJ must "evaluate the intensity and persistence of [a claimant's] symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities." SSR 16-3p. In this case, the ALJ concluded that Plaintiff could perform light work. R. 35. According to the Social Security regulations, a job is classified as "light work" if it "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities." 20 C.F.R. § 416.967.

The ALJ determined that Plaintiff could perform light work after weighing Plaintiff's daily activities, her alleged symptoms, the opinions of her treating sources, her conservative care, treatment notes, multiple objective medical studies, and the lack of documentation of exacerbation of symptoms. R. 44. The ALJ also found the medical opinions of two medical consultants, Dr. Marion Panepinto, M.D., and Dr. Victoria Dow, M.D., persuasive. *Id*. Both consultants opined that the claimant was able to perform light work. R. 44, 89, 91, 101, 104 (finding that Plaintiff could "[s]tand and/or walk (with normal breaks) for a total of: About 6 hours in an 8-hour workday."). The ALJ found these opinions persuasive because "their opinions remain[ed] reasonably viable and [were] consistent with other cumulative evidence of record developed after their determination." *Id*.

Plaintiff argues that the ALJ's determination that she was capable of light work was unsupported by substantial evidence. Plaintiff's argument is based on her alleged symptoms, alleged functional limitations, and activities of daily living, which do not support a determination that Plaintiff could perform light work. As the ALJ summarized in her decision, Plaintiff testified that "[e]verything [wa]s painful" and that she was unable to "do anything," including hug people, do laundry, clean, feed her dogs, tie her shoes, go shopping, or sit or stand for long periods. R. 37, 42, 60, 63-64. The ALJ noted that among her daily activities, Plaintiff watched the news, used only the microwave, could only walk the length of four or five houses, and went on one boat trip. R. 44. Plaintiff argues that this evidence shows that she was not capable of a "good deal of walking or standing" as is required for light work. 20 C.F.R. § 416.967. However, the ALJ also found that Plaintiff's treatment had been "essentially routine and conservative in nature," that physical examinations showed "generally intact clinical findings with no significant documentation of exacerbation," and that studies of Plaintiff's spine and hips showed "mostly mild to moderate clinical findings." R. 43. After weighing this evidence, the ALJ found that the intensity of Plaintiff's alleged symptoms and their impact on her functioning were not "consistent with the totality of the evidence addressing the relevant period." R. 43. Therefore, the ALJ concluded that, despite Plaintiff's allegations of disabling symptoms, Plaintiff could perform light work with specified modification. R. 44.

Plaintiff claims that the ALJ erred by improperly relying on Plaintiff's conservative care.

Plaintiff argues that her medical providers did not recommend more aggressive medical treatment because they were unaware that Plaintiff was suffering from undiagnosed fractures in her spine. Plaintiff's medical records reveal that on September 18, 2020, Plaintiff was diagnosed with a nondisplaced fracture of the transverse process of the left seventh thoracic vertebra and a potential nondisplaced fracture of the left sixth transverse process. R. 723. On March 3, 2021, her neurosurgeon, Dr. Janjua, noted that imaging "revealed nondisplaced left-sided tip of C6 and C7 transverse process fractures." R. 807. However, contrary to Plaintiff's testimony, there is no evidence in the medical record that the neurosurgeon opined that if the fractures had been noticed sooner, they "would have put a screw in there." R. 60. In fact, there is no evidence in the medical record that Plaintiff's treatment would have been different in any way if the fractures had been caught sooner. When evaluating these fractures, the neurosurgeon wrote:

> [Plaintiff's] symptoms are not concordant with the fracture sites and these fractures are considered stable fractures. No bracing or surgery is recommended. These fractures will take [their] time for proper healing; recommended increase in vitamin D and calcium. Moreover, patient appears to be a chronic smoker significantly hamper[ing] her bone healing. On patient preference ordered a CT thoracic spine to better delineate [these] fractures. No neurosurgical recommendations.

*Id*. Even after finding the fractures, Plaintiff's doctors continued to recommend routine care. R. 794-795.

Additionally, Plaintiff argues that her medication regime was not conservative because it involved heavy pain medication. This Court has previously concluded that similar treatment is conservative. *Galen H. v. Colvin*, No. 21 CV 50397, 2025 WL 50648, at *6 (N.D. Ill. Jan. 8, 2025); *see also Simila v. Astrue*, 573 F.3d 503, 519 (7th Cir. 2009) (not questioning ALJ's finding that treatment of pain medications and injections was "relatively conservative"). The ALJ properly relied on Plaintiff's conservative treatment to support her conclusion that Plaintiff's symptoms did not warrant greater limitations. *See Vincent A. v. Berryhill*, No. 16 CV 7136, 2019 WL 2085104, at *12 (N.D. Ill. May 13, 2019).

Plaintiff does not take specific issue with the ALJ's findings that Plaintiff's physical examinations showed "generally intact clinical findings with no significant documentation of exacerbation," or that multiple studies showed only "mild to moderate clinical abnormalities." R. 43-44. These findings were supported by the medical record. R. 337, 556, 722, 862. Instead, Plaintiff argues that the ALJ improperly weighed this evidence against Plaintiff's reported symptoms and limitations. This Court does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the [ALJ]." *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (internal quotations and citation omitted). The only question before the Court is whether the ALJ based the determination that Plaintiff could perform light work on substantial evidence. Despite Plaintiff's testimony of incredibly painful and debilitating symptoms, the ALJ supported the RFC determination with substantial evidence, including Plaintiff's conservative care, the generally intact clinical findings, lack of exacerbation, and studies showing only mild to moderate abnormalities. R. 44. Additionally, unlike the cases that Plaintiff cites, the ALJ did not "eliminate[] the field of available RFC medical evidence" by rejecting all the medical opinions in the record. *Bailey v. Barnhart*, 473 F. Supp. 2d 822, 838 (N.D. Ill. 2006). The ALJ found the opinions of two medical consultants persuasive and the RFC determination matched the RFC assessments of those doctors. R. 44, 89, 101-102. Given all of these factors, the

ALJ's RFC determination was supported by substantial evidence.

## CONCLUSION

The decision below is affirmed. Final judgment will be entered accordingly.

Date: May 2, 2025　　　　　　ENTER:

_Margaret J. Schneider_
United States Magistrate Judge